NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

Robert L. Owens and Heila Owens          :
                                         :
    Plaintffs,                       :
                                         :  Civil Action No. 06-0384 (DRD)
v.                                       :  **OPINION**
                                         :
Wells Fargo Home Mortgage,               :
                                         :
    Defendant.                       :
                                         :

---

Appearances by:

Ronald T. Nagle, Esq.
52 South Street
Morristown, NJ 07960

    Attorney for Plaintiffs Robert L. Owens and Heila Owens

Richard P. Haber, Esq.
Zucker, Goldsberg & Ackerman, LLC
200 Sheffield Street
Suite 301
P.O. Box 1024
Mountainside, NJ 07092-0024

    Attorney for Defendant, Wells Fargo Home Mortgage

**DEBEVOISE, U.S.S.D.J.**

    Plaintiffs Robert L. Owens and Heila Owens (collectively referred to as the "Owens") have moved for summary judgment. Defendant Wells Fargo Home Mortgage ("Wells Fargo") cross-moved for summary judgment, or, in the alternative, to dismiss Owens' Complaint pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6).

Owens four-count Complaint alleges, in the First Count, that Wells Fargo is estopped from seeking payment in excess of the original mortgage amount by the March 3, 2003 order of the New Jersey Superior Court, Appellate Division; in the Second Count, that Wells Fargo is bound, by the doctrine of res judicata, from seeking a higher payoff figure than that of the original mortgage amount by the March 3, 2003 Appellate Division order; in the Third Count, that by requiring the Owens to pay a higher payoff figure than that of the original mortgage amount Wells Fargo has been unjustly enriched; and, in the Fourth Count, that Wells Fargo has committed fraud by misrepresenting the amount of the payoff upon which representation the Owens detrimentally relied.

For the reasons cited below, the Court concludes that it does not have subject matter jurisdiction because the amount in controversy does not exceed $75,000.  Therefore, the Owens' motion for summary judgment will be denied. Wells Fargo's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) will be granted, and the Complaint will be dismissed.

## BACKGROUND

This action, which was litigated in the New Jersey Superior Courts, concerns a foreclosure on real property, a multi-family home located at 54 74th Street, Weehawken, New Jersey.  The background to this case is set forth in detail in the opinions of the Law Division and the Appellate Division.  It need not be repeated here other than to say that the Appellate Division, ultimately, ordered recision of the mortgage, requiring the Owens to repay Wells Fargo the principal amount of the mortgage, $111,963.00, by March 31, 2003.   The Appellate Court, in pertinent part, ordered

> [T]he relief to be granted is recision, in which the [Owens] are [by March 31,

> 2003] to repay the moneys [Wells Fargo] loaned to them . . . . We also conclude that if [the Owens] do not effect recision in accordance with the foregoing by fully repaying [Wells Fargo] [by March 31, 2003] they should not be able to further delay the completion of this foreclosure matter. Thus in the event of [the Owens'] failure to make such full repayment [by March 31, 2003], the trial court should forthwith enter a judgment of foreclosure.

On March 11, 2003, as noted on the March 12, 2003 order of Superior Court Judge Thomas Oliveri, Wells Fargo served upon the Owens a payoff statement through March 31, 2003. The Owens, however, failed to effect recision by repaying Wells Fargo, and Wells Fargo moved for entry of a judgment of foreclosure. On June 20, 2003, Judge Oliveri signed a final judgment ordering the Owens to pay "$173,529.71 together with interest at the Contract rate of 7.50% on $143,105.86, being the principal sum in default (including advances, if any) from April 1, 2003 to [] and lawful interest thereafter on the total sum due [Wells Fargo] together with costs of this suit to be taxed, including a counsel fee of $1910.78." The court also ordered a Sheriff's sale of the property. The amount to satisfy the judgment was calculated to be $183,773.12. There was no challenge to the final judgment entered by the court.

The Owens failed to satisfy the judgment and, instead, on March 17, 2004, entered into a contract of sale of the property to a third party. Upon inquiry by the Owens, Wells Fargo advised them of the two options available to them: 1) the Owens could pay the judgment amount, as ordered, and receive a Warrant to Satisfy the Judgment; or, 2) the Owens could pay the full contractual amount due of $231,518.81 plus foreclosure fees and costs of $10,032.88 and receive a Discharge of the Mortgage.

The Owens disagreed with the options presented by Wells Fargo and, again, sought relief from the trial court. The trial court conducted a telephone conference with the parties, who were

represented by counsel. Following the telephone conference, the Owens, in order to receive the Discharge of the Mortgage, elected to pay, and subsequently paid on March 24, 2004, the contractual amount due of $231,518.81 plus the $10,032.88 in foreclosure fees and costs.

On August 18, 2004, the Owens demanded that Wells Fargo return $66,174.20, which they claim was an overpayment of the amount due. Wells Fargo declined to return the money and, on January 26, 2006, the Owens filed their Complaint in this Court. They moved for summary judgment, asserting that they are "entitled to damages as a result of the conduct of Wells Fargo . . ." because "the New Jersey Appellate Division decisions of January 23, 2003 and March 13, 2003 have never been altered and are the law of the case." The Owens further assert that "[t]hose decisions also serve to estop Wells Fargo from being unjustly enriched by keeping the interest and a premium on the underlying loan to the plaintiffs."

## DISCUSSION

According to the Certification of Heila Walker Owens, "we seek reimbursement of the difference between the $241,541.69 Wells Fargo listed as a payoff figure and the original mortgage amount of $111,019.00 for a total of $130,522.69 in compensatory damages."

Wells Fargo cross-moved for summary judgment or, in the alternative, for dismissal pursuant to Fed. R. Civ. P. 12(b)(1), lack of jurisdiction of the Court, or 12(b)(6), failure to state a claim on which relief may be granted. The Court agrees that it lacks original jurisdiction to hear this case because the amount in controversy does not exceed $75,000, exclusive of interest and costs. See 28 U.S.C.A. § 1332.

The Owens seek $130, 522.69 in damages, which they calculate as the difference between the initial order of the New Jersey trial court, permitting recision of the mortgage in exchange for

the Owens' payment of $111,019.00 within 30 days, and $241,651.68, the amount demanded by Wells Fargo for complete discharge of the mortgage post-judgment of foreclosure.

The Owens fail to recognize that the court's order specifically required payment of the amount by March 31, 2003. The court order further provided that Owens' failure to pay the $111,019.00 within the time limit would result in entry of a judgment for foreclosure against them in favor of Wells Fargo. The Owens failed to pay and cannot now argue that the $111,019.00 figure is still valid. To the contrary, it is null and void on the basis of the Owens' failure to pay within the required time frame.

The Owens' failure to pay resulted in entry of a judgment of foreclosure against them and in favor of Wells Fargo in the amount of $183,773.12. However, payment of the sum would only satisfy the judgment, not discharge the mortgage. Instead of satisfying the judgment, the Owens contracted to sell the property to a third party contingent upon full discharge of the mortgage by Wells Fargo. Wells Fargo calculated the amount of full discharge to be $241,651.68. Although the Owens paid that amount and received the full discharge of the mortgage, six months later they demanded a return of $66,172.29.

Clearly, Wells Fargo was entitled to $183,773.12 through foreclosure. At most, the Owens can assert a claim for only $66,172.29, the difference between the foreclosure amount and what Wells Fargo actually charged the Owens for discharge of the mortgage. That amount is insufficient to confer jurisdiction on this Court.

## CONCLUSION

Because the amount in controversy does not exceed $75,000 as required under 28 U.S.C. §

1332, it is insufficient to confer jurisdiction on this Court.  Therefore, the Owens' motion for summary judgment will be denied.  Wells Fargo's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) will be granted, and the Complaint will be dismissed.  An appropriate order follows.

                                                       /s/ Dickinson R. Debevoise
                                                      Dickinson R. Debevoise, U.S.S.D.J.

Dated: May 14, 2007